Third Court of Appeals
PO Box 12547
Austin, Texas 78711

"In re Eric Flores , pro se relator"
501 East 8th Street
Austin Texas 78701

"In re The State of Texas , relator"

Vs.

Richard James "Rick" Perry , defendant

Trial Court Case No. D1DC14100139
Third Court of Appeals Case No. 03-15-00063-CR

## PETITION FOR AMICUS CARIAE BRIEF IN THE PUBLIC INTEREST OF HEALTH AND SAFETY

(1)Table of Contents
(2)Parties of Interest
(3)Opinions Below
(4)Question Presented
(5)Constitutional Statutes
(6)Jurisdictional Statement
(7)Statement of the Case
(8)Statement of Facts
(9)Summary of Argument
(10)Argument
(11)Conclussion and Prayer

Pleaded By :
"In re Eric Flores , pro se relator"
501 East 8th Street
Austin Texas 78701

RECEIVED

JUN 1 1 2015

THIRD COURT OF APPEALS
JEFFREY D. KYLE

(2)Parties of Interest

(i)Eric Flores is a party of interest whoms place of business is designated at 501 East 8th Street Austin Texas 78701.

(ii)Richard James "Rick" Perry is a party of interest whoms place of business is designated at Office of the Attorney General
PO Box 12548 , Austin, TX 78711-2548

(iii)The State of Texas is a party of interest whoms place of business is designated at James E. Rudder Building
1019 Brazos , Austin, Texas 78701

(3) Opinion Belows

(i) Pursuant to Texas Rules of Evidence no.402 evidence relevant to the subject matter of the case is generally admissible.

The pro se relator has filed a motion to joinder of certain offenses that were committed by the defendant in the commission of the pending criminal offenses in the lower district court.

Texas Rule of Evidence no.402 gives the pro se relator jurisdictional basis to file the motion for joinder of certain offenses that were committed by the defendant in the commission of the pending criminal offenses in the lower district court.

(4) Questions Presented

(i) Whether the Texas Rule sof Evidence no. 402 allows , enables , o rprocurrs for the pro se relator to file a motion to joinder of certain offenses that the defendant committed in the commission of the pending criminal offenses in the lower district court.

(ii) Whether the defendant is a threat to the public interest of health and safety.

(iii) Whether the pro se relator , his relatives , the prosecuteing attorney , and district judge will suffer irreparable injury such as death if the appellate court does not grant the relief that is being seeked herein.

(iv) Whether the irreparable injury such as death that the pro se relator , his relatives , the prosecuteing attorney , the district judges , and other members of the public will suffer far outweighs the legal injury if any that the defendant will suffer if the appellate court grants the relief settforth herein.

(v) Whether the relief that is being seeked herein is in the public interest of health and safety.

## (5) Jurisdictional Statement

Pursuant to Texas Rules of Appellate Procedure no.11 an

appellate court may receive but not file an aminus cariae brief.

But the court for good cause may refuse to consider the brief and

order that it be returned.

The pro se relators establishes good cause to file this foregoing "Aminus Cariae" brief because it is of imperative importance to the public interest of health and safety since the Aminus Cariae brief is seeking relief from imminent danger such as death on behalf of the public.

This means that a large number of the population will die if the appellate court does not give consideration to the merit of this brief.

The defendant has previously shown to be violent and hostile when other officials are providing witness testimony to seek criminal prosecution against the defendant, by randomly causeing the death of members of the public until the defendants anger subsides.

This means that it is necessary for the appellate court to consider the merits of this brief.

The pro se relator hereby gives judicial notice that this case arises from the commission of a crime that was committed by the defendant against the pro se relator whom then seeked for the Travis County District Attorneys Office Public Integerty Unit to

investigate and prosecute the defendant for committing a crime against the pro se relator and his immediate relatives.

The defendant then malinger and construed circumstance to where the defendant could use his public office to remove the functions of the Travis County District Attorney Public Integerty Unit to prevent the pro se relator from launching an investigation that could have resulted in criminal lawful sanctions against the defendant.

After the Travis County District Attorney Public Integerty Unit indicted Richard James "Rick" Perry for coercion of public official to obstruct justice and abuse of power , the defendant then threatened to cause the death of the pro se relator , his relatives , the prosecuteing attorney , and the district judge.

The defendant has previously carried out a death threat by causeing the death of more than three of the pro se relators relatives constituteing mas smurder in the first degree.

For this reason the defendant has the substantial likelihood of carrying out his recent death threat to cause the death of the pro se relator , his relatives , prosecuteing attorney , and the district

judge assigned to the case if the appellate court does not intervene to enforce the performance of a duty as clearly defined by law.

The irreparable injury such as death that the pro se relator , his relatives , the prosecuteing attorney , and the district judge will suffer far outweighgs the legal injury if any that the defendant will endure of the appellate court does grant the relief that is being seeked.

Although the pro se relator Eric Flores has entitled his petition Amicus Cariae Brief however pro se relator Eric Flores petition sounds in mandamus relief.

For this reason the pro se relator Eric Flores cites the legal basis that invokes the appellate courts jurisdiction to enforce the performance of a duty as clearly defined by law as settforth below , in particular;

The Texas Constitution grants the Third Court of Appeals such original jurisdiction as may be provided by law to enforce the performance of a duty as clearly defined by law in the lower court of appeals and the district courts. [Tex.Const.Art.5 ,&6].The Third Court of Appeals has the power to issue a writ of mandamus to

enforce its jurisdiction over the lower court of appeals and the lower district court to ensure the effective and expeditious administration of the business of the lower court of appeals and the district court[Tex.Gov.Code & 22.221 (a). In addition , the Third Court of Appeals has general mandamus authority against district and county court judges that have been elected within the jurisdictional bounderies of the State of Texas. Against these judges , the Third Court of Appeals has the authority to issue all writs of mandamus that are agreeable to the principles of law that regulate the lower court of appeals and the lower district court[Tex.Gov.Code. &22.221(b)].This provision has been interpreted to expand the mandamus power of the Third Court of Appeals so that it is virtuely identical to that of the lower court of appeals[see Dickens v. Ct. of App., 2nd Sup.Jud.Dist., 727 S.W.2d 542 , 548 (Tex.Crim.App.1987].

Pursuant to all subsections of Texas Rules of Appellate Procedures no.52 (for original proceedings) the relator submits this foregoing "Petition Sounding in Mandamus Relief" to invoke the jurisdiction the Third Court of Appeals because it is necessary to " correct a

clear abuse of discretion or the violation of a duty imposed by law

when the lower court of appeals and the district court has given

the relator no other adequate remedy at law"[CSR Ltd. V. Link,

925 S.W.2d 591 , 596 (Tex.1996)( quoting Johnson v. Fourth Court

of Appeals , 700 S.W.2d 916 , 917 (Tex.1985); see also Republican

Party of Texas v. Dietz , 940 S.W.2d 86, 88 (Tex.1997).


(6) Comnstitutional Statutes

Dickens v. Ct. of App., 2nd Sup.Jud.Dist., 727 S.W.2d 542 , 548
(Tex.Crim.App.1987].

"CSR Ltd. V. Link, 925 S.W.2d 591 , 596 (Tex.1996)( quoting

Johnson v. Fourth Court of Appeals , 700 S.W.2d 916 , 917

(Tex.1985); see also Republican Party of Texas v. Dietz , 940

S.W.2d 86, 88 (Tex.1997).

Texas Rules of Appellate Procedure no.11

Texas Constitution Article 5 & 6

Texas Government Code & 22.221(a)

Texas Government Code & 22.221(b)

Texas Rules of Appellate Procedure no.52

Texas Rules of Evdience no. 406

Texas Rule of Evidence no.405

Texas Rules of Evidence no.404

Texas Rule of Evdience no.608

Texas Rule of Evidence no.609

(7)Statement of the Case

The circumstances of this case begin when the pro se relator first wittnessed a corrupt police officer named Paul McDowell employed by the El Paso Police Department Pebble Hills Regional Command Center in El Paso Texas to include the corrupt police officers immediate relative whom were purchaseing cocaine at the place of the petitioners mother Cynthia Lorenza Flores place of residence.

The defendant Richard James "Rick" Perry then misused his official capacity to influence , instruct , direct , coerce , or otherwise bribe and osolicitate the corrupt police officers named Paul McDowell and his police coworkers then begin to use deadly technology to cause the petitioner and his immediate relatives severe mental or physical pain for long durations exceeding calendar days in which was equivalent in intensity to organ

failure or impairment of body functions resulting in the death of more than four of the pro se relator immediate relatives constitutieng mass murder in the first degree in which was solely conspired to intimidate the petitioner and his immediate relatives such as his mother to not reveal any information regarding the police officers purchaseing cocaine at the place of the petitioners' mothers' residency..

The petitioner then went to the El Paso Police Department Internal Affairs Division to complain that a corrupt police officer named Paul McDowell and his immediate relative were purchaseing cocaine from the petitioners mother at the place of her residence.

The petitioner further complianed to the El Paso Police Department Internal Affairs Divisions, that the corrupt police officer named Paul McDowell and his corrupt police supervisor by the last name of Seargent Larra from the El Paso Police Department Pebble Hills Regional Command Center were using deadly technology to cause the petitioner and his immediate relatives severe mental or physical pain for long durations

exceeding calendar days in which was equivalent in intensity to organ failure or impairmnent of body functions resulting in the death of more than four of the petitioners relatives.

The defendant Richard James "Rick" Perry then further misused his official capacity to instruct , influence , direct , coerce , or otherwise bribe and solicitate the corrupt police officer named Paul McDowell and his supervisor by the last name of Seargent Lara employed by the El Paso Police Department Pebble Hills Regional Command Center to use advanced technology with a direct signal to the satelite in outerspace that has the capability of calculateing a genetic code to virtually communicate statements of intimidation such as the phrase "I'll Have You" so as to give the indication that the corrupt police supervisor last name Larra" would cause the death of the pro se relator and his immediate relative as a retaliatory adversed act against the pro se relator for complianing against the corrupt police officer named Paul McDowell to the El Paso Police Department Internal Affairs Division.

Thereafter the petitioner then went to the El Paso Police Department Internal Affairs Division a second time to complian that corrupt police officer named Seargent Larra was threatening to cause the death of the pro se relator or his immediate relatives as a retaliatory adversed act against the pro se relator for complaining to the El Paso Police Department Internal Affairs Divisions.

Four months later the defendant Richard James "Rick" Perry further misused his official capacity to influence , instruct , direct ,coerce , or otherwise bribe and solicitate the corrupt police officer named Paul McDowell to carry out the death threat by shooting and killing the pro se relators' brother Javier Flores Junior and then implanting evidence into the shooting crime scene such as a knife so as to be able to falsely alleged that the scratch wounds that the corrupt police officer named Paul McDowell had on his face that were inflicted by his female immediate relative in another incident that had occurred prior to the shooting incident in anticipation to be able to allege that the scratch marks were the knife wounds that the pro se relators brother Javier Flores Junior

inflicted on the corrupt police officers face with the knife that the police officer implanted into the shooting crime scene so as to falsely justify the corrupt police officers actions of using a weapon such as a gun to shoot and kill the pro se relators' brother Javier Flores Junior in which was solely conspired to cover up any premeditative motive that the pro se relator had established by reporting the police officers death threats to the El Paso Police Department Internal Affairs Divisions four months before the corrupt police officer named Paul McDowell had actually carried out the death threat by shooting and killing the pro se relators brother Javier Flores Junior.

The defendant Richard James "Rick" Perry further misused his official capacity to impanel specific members of a state grand jury with the view of secureing a not guilty verdict against the police officer named Paul McDowell for shooting and killing the pro se relators brother Javier Flores Junior by intentionally and knowingly withholding evidence from the grand jury knowledge such as pro se relators compliant to the El Paso Police Department Internal Affairs Divisions against police officer Paul

McDowell and supervisor last name (Larra) death threat which was made four months before police officers carried out death threat by shooting and killing the pro se relators brother Javier Flores Junior.

The corrupt police officer named Paul McDowell and his corrupt coworkers Seargent Larra further conspired to illegally incarcerate the pro se relator before shooting and killing the petitioners brother Javier Flores Junior so that the pro se relator could not be able to tell the investigative detectives at the time of that the shooting incident occurred , that the pro se relator had complained to the El Paso Police Department Internal Affairs Division that the corrupt police officer named Paul McDowell and his corrupt supervisor named Larra had threatened to kill the pro se relator or his immediate relatives which was reported to the El Paso Police Department Internal Affairs Divisions four months before the corrupt police officer named Paul McDowell actually carried out the death threat by shooting and killing the pro se relators brother Javier Flores Junior so as to coincide with the

corrupt police officers Paul McDowell conspiracy to cover up premeditated capital murder in the first degree.

The defendant Richard James "Rick" Perry further misused his official capacity to influence , instruct , direct , coerce , or otherwise bribe and solciitate the corrupt police officers named Paul McDowell and his corrupt supervisor named Larra to further conspired to send their immediate relatives to take turns sexually assualting the pro se relators mother Cynthia Lorenza Flores and hold her hostage at the place of her residence so as to prevent her from communicateing to state or federal law enforcement agencies to complian that she was being sexually assualted by the same police officers that conspired to kill her son Javier Flores Junior. The corrupt police officer named Paul McDowell and his corrupt supervisor named Larra first sent a person of mexican american national origin by the first name of Eddie Shaal that was directly related to another corrupt law enforcement police officer, whom repeatedly sexually assaulted the petitioners mother Cynthia Lorenza Flores and held her hostage at the place of her residence so as to prevent her from complaining to state or federal law

enforcement agency that she was being sexually assaulted by the same police officers that conspired to kill her eldest son Javier Flores Junior.

After the pro se relator was released from illegally incarceration the pro se relator called the 911 emergency hotline system to complian that several police officers were sending different persons portraying to have the same named Eddie Shaal to sexually assualting the mother (Cynthia Lorenza Flores) of the person (Javier Flores Junior) that the corrupt police officers murder.

The police department declined to prosecute the sexual assualt incident because police officers were involved in sending immediate relatives to sexually assualt the mother (Cynthia Lorenza Flores) of the person (Javier Flores Junior) that the corrupt police officers murder.

The defendant Richard James "Rick" Perry further misused his official capacity to influence , direct , coerce , intimidate , or otherwise bribe and solicitate the corrupt police officers named Paul McDowell and his corrupt supervisor named Larra to

retaliate against the pro se relator for calling 911 emergency hotline to complain against the police officers that were sexually assaulting the pro se relator mother Cynthia Lorenza Flores by using advanced technology with a direct signal to the satelite in outerspace that has the capability of calculateing a genetic code to cause the petitioners mother Cynthia Lorenza Flores severe gul blatter pain for long durations exceeding calendar days in which was equivalent in intensity to impair her gul blatter functions almost leading to her death requireing medical treatment from a forensic medical professional in a freeworld hospital to keep her from dieing in which was solely conspired to intimidate the pro se relators mother to not only be prohibited from going to state or federal law enforcement agencies to report that she was being sexually assualted by the immediate relatives of the same corrupt police officers that first conspired to kill her son Javier Flores Junior , but also the corrupt police officers actions of using deadly technology to torture the pro se relators mother was to intimdate the pro se relators mother to go to the police department to state that she was not being sexually assualted so as to be able to

charge the pro se relators with the criminal offense of false reporting to illegally incarcerate the pro se relator for the purpose of preventing the pro se relator from continue to communicateing to state or federal law enforcement agencies with the specific intent of preventing a judicial investigation that can result in criminal lawful sanctions against the defendant , his co conspiratoring corrupt police officers and their immediate relatives for takeing turns repeatedly sexually assualting the mother (Cynthia Lorenza Flores) of the person (Javier Flores Junior) that the corrupt police officers conspired to murder. The pro se relators mother had just gotten out of the hospital as a result of being tortured almost leading to her death and feared for her life to the extent that she felt so intimidated that she complied with the defendant and his co conspiratoring corrupt police officers demands to go to the police department to state that she was not being sexually assualted so as to prevent a criminal investigation that can result in criminal lawful sanctions against the defendant and his co conspiratoring corrupt police officers and

their immediate relatives for takeing turns repeatedly sexaully assaulting the petitioners mother (Cynthia Lorenza Flores).

The defendant Richard James "Rick" Perry then further misusued his official capacity to influence , direct , coerce , instruct , or otherwise bribe and solicitate the corrupt police officers to instructed the first person of mexican american national origin by the first name of Eddie Shaal to leave the pro se relator mothers place of residence to avoid criminal charges only to be replaced by another corrupt law enforcement official such as a heavy sett , bald head , mexican sheriff deputy employed by the El Paso County Sheriff Department in El Paso Texas that was also portraying to be named Eddie Shaal whom was assigned to the El Paso County Court House located at 500 East San Antonio Avenue El Paso Texas 79901.

The corrupt sheriff deputy repeatedly sexually assualted the pro se relator mother Cynthia Lorenza Flores and held her hostage by accompanieing her to her work place and back to her place of residence on a daily basis so as to make sure that she would not go to state or federal law enforcement agency to complain that she

was being sexually assaulted by the immediate relatives of the same corrupt police officers that murder her son Javier Flores Junior.

Thereafter the pro se relator then went to the El Paso County Sheriff Department Internal Affairs Division to complian against the sheriff deputy that was sexually assualting the pro se relator mother Cynthia Lorenza Flores.

As a result the defendant Richard James "Rick" Perry further misused his official capacity to influence , instrict , direct , coerce , or otherwise bribe and solicitate the corrupt police officer named Paul McDowell to instruct the sheriff deputy leave the pro se relators mother place of residence to avoid criminal charges only to be replaced by a third person of mexican american national origin that was also portraying to be named Eddie Shaal however the third person was actually a campus police officer from the El Paso Community College Villa Verde Campus located at 919 Hunter Dr., El Paso Texas 79927.

The corrupt campus police officer that was a person of mexican american national origin whom was also portraying to be named

Eddie Shaal also repeatedly sexaully assaulted the pro se relator mother and held her hostage at the place of her residence to prevent her from communicateing to state or federal law enforcement agencies to complian that she was being sexually assualted by the same corrupt police officers that conspired to kill her son Javier Flores Junior.

By then the pro se relator had already started complaining to the El Paso County District Attorney Jaime Ezparza in El Paso Texas, that several corrupt police officers were sending their friends , coworkers , or relatives to sexaully assaulting the mother (Cynthia Lorenza Flores) of the person (Javier Flores Junior) that the corrupt police officers conspired to murder.

The corrupt campus police officer that was portaying to be named Eddie Shaal retaliated against the pro se relator for complaining to the El Paso County District Attorney Jaime Ezparza by using advanced technology with a direct signal to the satelite in outerspace that has the capability of calculateing a genetic code to cause the petitioners' mother Cynthia Lorenza Flores severe heart pain for long durations exceeding calendar days in which was

equivalent in intensity to cardiac and respatory failure almost leading to her death requireing medical treatment from a forensic medical professional in a freeworld hospital to keep her from dieing in which was solely conspired to intimidate the pro se relators' mother to believe that the corrupt police officers would use deadly technology to torture her to death in order to make the pro se relators mother comply with the corrupt police officers demands to divorce her husband and remarry one of the person that was takeing turns sexually assaulting her for the purpose of influenceing the justice officials to believe that because the pro se relators' mother married one of the corrupt police officers or their immediate relatives that were takeing turns sexaully assaulting the pro se relators mother therefore the pro se relators mother was not being sexaully assualted so as to prevent a criminal investigation that can result in criminal lawful sanctions against the defendant and his co conspiratoring corrupt police officers or their immediate relatives for sexaully assaulted the mother (Cynthia Lorenza Flores) of the person (Javier Flores Junior) that the corrupt police officers conspired to murder.

The corrupt campus police officer then left the pro se relators' mothers' place of residence to avoid criminal charges , only to be replaced by a fourth person of mexican american national origin that was also portraying to be named Eddie Shaw whom was directly related to the detective named Julio Ordaz from the El Paso Police Department Internal Affairs Division whom first interviewed the pro se relator at the time that the pro se relator went to the El Paso Police Department Internal Affairs Division to complian against the corrupt police officers Seargent Larra making threats to cause the death of the pro se relator or his immediate relatives in which was four months before the corrupt police officer named Seargent Larras and his corrupt police coworker named Paul McDowell carried out the death threat by shooting and killing the pro se relators brother Javier Flores Junior.

It seemed as if the police detective named Julio Ordaz from the internal affairs division decided to cover up the fact that the pro se relator had reported the corrupt police officers Seargent Larras' death threats to the internal affairs division detective named Julio

Ordaz four months before the corrupt police officer named Paul McDowell had actually carried out the death threat by shooting and killing the pro se relators' brother Javier Flores Junior in which was so that the corrupt detective named Julio Ordaz could participate in sending his immediate relative to sexually assualt the pro se relators mother Cynthia Lorenza Flores.

The defendant Richard James "Rick" Perry further misused his official capacity to influence , instruct , coerce , direct , or otherwise bribe and solicitate another corrupt detective named Julio Ordaz to conspire to bribe or solicitate an attorney at law named Victor Parra to coerce , intimidate , force , or otherwise make death threats against the pro se relators mother to intimidate her to pay for the services of the attorney at law named Victor Parra for the purpose of forceing the pro se relator mother into divorceing her husband with the specific intent of remarrying one of the four person that was takeing turns sexually assualting the pro se relators mother so as to be able to influence the justice officials to believe that because the pro se relators mother Cynthia Lorenza Flores remarried one of the persons that was takeing

turns sexually assualting her therefore she was not being sexually assualted to prevent a criminal investigation that can result in criminal lawful sanctions against the defendant and his co-conspiratoring corrupt police officers or their immediate relatives for sexaully assualting the mother (Cynthia Lorenza Flores) of the person (Javier Flores Junior) that the corrupt police officers conspired to murder.

The divorce dispute was filed in the El Paso County 383rd Judicial District Court located at 500 East San Antonio Avenue El Paso Texas 79901 presideing family district judge Mike Herrera whom was also notified of the aforementioned circumstances but decided to proceed with the divorce anyway.

The defendant Richard James "Rick" Perry had substantive knowledge that the pro se relator would seek for the Travis County District Attorney Office Public integerty Unit to conduct an investigation into the murder into the relators brother Javier Flores Junior and the sexuall assault of the relators mother which could have resulted in criminal lawful sanctions against the defendant for misuseing his official capacity to instruct corrupt

police officers and their coworkers or relatives to take turns sexually assaulting the pro se relators mother Cynthia Lorenza Flores.

Therefore the defendant malingered and construed circumstances to where he could obstruct justice to prevent the Travis County District Attorney Public Integerty Unit from launching an investigation in the murder of the pro se relators brother Javier Flores Junior and sexual assault of relators mother Cynthia Lorenza Flores.

Whereby the defendant Richard James "Rick" Perry misused his official capacity to influence , instruct , direct , coerce , or otherwise bribe and solicitate another police relative sit and wait for a particular day when the Travis County District Attorney Rosemary Lemhberg would drink on special occasions such as birthday parties , get together , annerversiaries , Christmas , and New Year in which was so that the police relative could arrest the Travis County District Attorney Rosemary Lehmberg for drunk driving and thereby maliner and construe circumstances to promote a sufficient reason to not only remove the district

attorney from her official capacity to appoint another person to preside as district attorney whom would ensure that no criminal investigation would be launched into the murder of the relators brother and the sexual assault of the relators mother but also to Create a good reason to veto funding to the Travis County District Attorney Public Integerty Unit for the purpose of eliminateing any public office with the jurisidictional ability to launch investigation into allegation against high profile elected official such as the defendant with the specific intent of prevent a judicial investigation that could have resulted in criminal lawful sanctions against the defendant and his co-conspiratoring corrupt police officers for murder the relators brother Javier Flores Junior and sexually assaulting the relators mother Cynthia Lorenza Flores. Based on these circumstances the pro se relator submitted several compliants requesting that the the Travis County District Attorney Rosemary Lehmberg to enforce the law by criminally prosecuteing the corrupt police officers and their immediate relatives whom were takeing turns sexually assualting the mother

(Cynthia Lorenza Flores) of the person (Javier Flores Junior) that the corrupt police officers had murdered.

However Travis County District Attorney Rosemary Lehmberg refused to enforce the law by not criminally prosecuteing the corrupt police officers or their immediate relatives for takeing turns sexually assualting the petitioners' mother (Cynthia Lorenza Flores) in which was because the defendant had veto funding to the Travis County District Attorney Public Integerty Unit for the purpose of eliminateing any public office with the jurisidictional ability to launch investigation into allegation against high profile elected official such as the defendant with the specific intent of prevent a judicial investigation that could have resulted in criminal lawful sanctions against the defendant and his co-conspiratoring corrupt police officers for murder the relators brother Javier Flores Junior and sexually assaulting the relators mother Cynthia Lorenza Flores.

These circumstances clearly show that the defendant is obstructing justice by engageing in standard of conduct that allows , enables , or procurrs for corrupt police officers and their immediate relatives to force a victum named Cynthia Lorenza Flores that has been sexually assaulted by the corrupt police officers or their immediate relatives, to pay for the legal services of an attorney named Victor Parra for the purpose of initiateing a cause of action to divorce her husband with the specific intent of enableing the attorney at law named Victor Parra to force the victum named (Cynthia Lorenza Flores) to remarry one of the corrupt police officers or their immediate relatives that was repeatedly sexually assaulting the victum named Cynthia Lorenza Flores and holding the victum named Cynthia Lorenza Flores hostage at the place of the victums named Cynthia Lorenza Flores residence so as to influence justice officials to believe that the victum named (Cynthia Lorenza Flores) is not being sexually assaulted because the victum named (Cynthia Lorenza Flores) has been forced to remarry one of the corrupt police officer or their

immediate relatives that was sexually assaulting the victum named Cynthia Lorenza Flores as a form of obstruction of justice. In the present circumstances of the case , the Travis County District Attorney Rosemary Lehmberg has indicted the defendant Richard James "Rick" Perry for coercion of a public official and abuse of power.

The pro se relator has filed a motion to joinder of certain offenses that the defendant committed in the commission of the criminal offense settforth in the states indictment.

The defendant has appealed to the Third Court of Appeals in attempt to through out the indictment before the anyone finds out about the circumstances of this case.

(8) Statement of Fact

Pursuant to Texas Rule of Criminal Procedure Article 21.24

(a) Two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code.

(b) A count may contain as many separate paragraphs charging the same offense as necessary, but no paragraph may charge more than one offense.

(c) A count is sufficient if any one of its paragraphs is sufficient. An indictment, information, or complaint is sufficient if any one of its counts is sufficient.

The pro se relator has filed a motion to joinder of certain offenses that the defendant committed in the commission of the pending criminal offenses as settforth in the States' indictment .

However the defendant may use Texas Rule of Evidence no.608 or 609 to attack the pro se relators character crediability based on relators criminal conviction which has nothing to do with this case.

However pursuant to Texas Rule of Criminal Procedure no. 408 if the relator can prove that the joinder of criminal offenses was a routine habit of the defendant , then nothing is left to decide upon the relators crediability regardless of the relators criminal conviction.

On those basis the relator conduct that it is the defendant routine habit to misuse his official capacity to influence , direct ,coerce , instruct , or other bribe and solicitate another police relative to sit and wait for a particular elected official to drink on special occasions for the purpose of conspireing to arrest the elected official for drunk driving with the specific intent of removeing that particular elected official from public official in the commission of facilitateing a conspiracy to obstruct justice such as preventing the elected official from participateing in a criminal investigation that can result in criminal laful snactions against the defendant for continuesly engageing in negligent torturious conduct while in public office.

The relator hereby gives judicial notice of an elected official named Naomi Gonzales whom was elected state senator in the past year whom was also a victum to the defendants routine habit of sending a police officer or relative to sit and ait for the elected senator Naomi Gonzales to drink on special occasion for the purpose of conspireing to arrest the elected official named Naomi Gonzales with the specific intent of removeing her from public

office in the commission of facilitateing a conspiracy to prevent that elected official from participateing in criminal investigation that could have resulted in criminal lawful sanctions against the defendant for continuesly engageing in negligent torturious conduct while in public office.

The defendant has enacted this same habit or routine against the Travis County District Attorney Rosemary Lehmberg in the commission of facilitateing a conspiracy to obstruct justice to prevent Rosemary Lehmberg from participateing in an investigation that can result in criminal lawful sanctions against the defendant for solicitateing premeditative capital murder of Javier Flores Junior and sending different police officers or persons to sexually assault the mother of the victum the defendant conspired to murder.

Because there is evidence such as other witness testimony regarding the defendants habit or routine therefore nothing is left to decide upon the relators crediablity when determine the validity of joining certain offenses committed by the defendant against the relator and his immediate relatives.

(9) Summary of Argument

## *(A)Standard of Review for Abuse of Discretion*

A clear abuse of discretion is found only when the reviewing courts actions were "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.The test is whether the reviewing court clearly "acted without reference to any guiding rules and principles of law ," or "whether the act was arbitrary or unreasonable". In an appeal , to determine if there is an abuse of discretion , the reviewing court will review the entire record. The Texas Supreme Court interpreted the phrase "a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law ," stating that it has different applications in different cases depending upon the circumstances of each case.If the relator seeks to overrule a reviewing court decision based on factual issues or matters committed to the reviewing court discretion , *"the relator must show the reviewing court could have reached only one decision under the facts of law ".*A reviewing court has no discretion to determine the law or to apply the law to the facts incorrectly.If the relator's complaint is that

the reviewing court incorrectly decided an issue of law , the relator must show that the reviewing agencies failed to analyze or apply the law correctly because a reviewing court erroneous interpretation of the law constitutes a clear abuse of discretion.Traditionally , a appeal is used to establish error for the purpose of compeling the performance of a ministrial act or duty. An appeal may be granted to control the conduct of the reviewing court when the duty to do the act commanded is ministrial and nondiscretionary.An act is ministrial if the law prescribes the duty to be performed by a reviewing court with such precision and certainty that nothing is left to the exercise of discretion or judgement. An act is not ministrial if it involves the exercise of discretion or judgement in determineing whether the duty exists. An appeal is appropriate when the reviewing court or the person that is the object of the writ refused to perform an act required by law.

An appeal will issue only to "correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law". If the basis of the appeal is the

performance of a legal duty , an appeal will not be granted unless the appeal shows that the relator has a clear right to the performance of the particular duty sought to be enforced.A party must be legally entitled to the requested relief.

(9)Argument

The reviewing courts actions will be so arbitruary and unreasonable so as to amount to a prejudicial error of law , if the reviewing court refuseing to allow the relator to participate in the prosecution of this case which can be constituteing as aiding and abideing the defendant in the commission of a crime to obstruct justice.

The reviewing court will act without any reference to the guideing rule s and principles of law , if the reviewing court does not allow the relator to participate in the prosecution of this criminal case which can be constituted as aiding and abideing the defendant in the commission of a crime to obstruct justice in which is because the reviewing court can only reach one decision under the facts of

law as clearly defined by the Texas Rules of Criminal Procedure Artilce 21.24 which is to allow the relator to joinder of certain criminal offenses committed by the defendant in the commission of the pending criminal offenses as settforth in the States indictment.

This means that the reviewing court would be analyzeing or interpreteing the facts or rule of law incorrectly by refuseing to allow the relator to participate in joining certain offenses that the defendant committed in the commission of the pending criminal offenses as settforth in the State's indictment because of the reviewing courts errornous interpretation of the law which can be constituted as a clear abuse of discretion.

The act that the relator seeks to compel an act under Texas Rules of Criminal Procedure 21.24 that is ministerial because it prescribes the duty to be performed by a reviewing court with such precision and certainity that nothing is left to the exercise of discretion or judgement.

The relator has filed his motion for joinder of certain offesnes commited by the defendant in the commission of the criminal offenses as settforth in the State's indictment.

However the lower district court has refused to consider relator motion for joinder of certain offenses becaue of the serious nature of the criminal case which can be constituted as an abuse of discretion.

The relator is entitled to relief sought not only because the criminal offenses settforth in the States indictment stemmed from the commission of a crime committed by the defendant against the relator but also because the relator has the constitutional right to access to the court to challenge a constitutional deprivation of life , liberty , and life committed by the defendant.

(11) Conclussion and Prayer

Wherefore Primises Considered in conformance with the reprequisites settforth herein the relator prays that the reviewing court to enforce the performance of a duty that is clearly defined under the law by ministrially compelling the trial court to consider

the relator motion for joinder of certain offenses as defined by Texas Rules of Criminal Procedure 21.24.

The relator further prays that the reviewing court enter a preliminary injunction during the pendency of this appeal to protect the relator , his immediate relatives , the district judge , and the prosecuteing attorney from being the victum of the defendants intimidation , torture , coercion , death threats , and/or serial killing rampage.

The relator prays for general relief as clearly defined by law.

Respectfully Submitted ,

Eric Flores , pro se relator

501 East 8th Street Austin Texas 78701

Pursuant to Penalty of Perjury (28 U.S.C. & 1746) the relator hereby states , declares , and certifies that the foregoing brief is true and correct.

# CERTIFICATE OF SERVICE

Pursuant to Penalty of Perjury (28 U.S.C. & 1746) the relator

hereby states, declares , and certifies that true and correct copies

of this foregoing brief was sent to the following parties of interest

settforth below , in particular ;

(i)Eric Flores is a party of interest whoms place of business is
designated at 501 East 8th Street Austin Texas 78701.

(ii)Richard James "Rick" Perry is a party of interest whoms place
of business is designated at Office of the Attorney General
PO Box 12548 , Austin, TX 78711-2548

(iii)The State of Texas is a party of interest whoms place of
business is designated at James E. Rudder Building
1019 Brazos , Austin, Texas 78701

**UNITED STATES POSTAL SERVICE**

Retail

**US POSTAGE PAID**

**$5.75**

Origin: 78704
9.00 oz.
Jun 09, 15
4804170192-12

1006

**PRIORITY MAIL® 1-DAY**

Expected Delivery Day: 06/10/15

**USPS TRACKING NUMBER**

9505 5110 4826 5160 3956 85

**PRIORITY**
PRESS FIRMLY TO SEAL
★ **MAIL** ★

VISIT US AT USPS.COM®
Label 106A, July 2013

**UNITED STATES POSTAL SERVICE**

**PRIORITY** PRIORITY MAIL
★ **MAIL** ★ POSTAGE REQUIRED

VISIT US AT USPS.COM®
Label 106A, July 2013

UNITED
POSTAL

FROM:
Eric Flores
200 W. Mockingbird Ln,
Austin Tx. 78745

TO:
Third Court of Appe
P.O. Box 12547
Austin Tx. 787



P S 0 0 0 0 1 0 0 0 0 1 4

EP14F July 2013
OD: 12.5 x 9.5

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE



**UNITED S**
**POSTAL S**

To : Third court of Appeals
    P.O. Box 12547 , Austin Texas 78711

From : Eric Flores , pro se relator
    200 W. Mockingbird Lane
    Austin Texas 78745

Date : June 7 , 2015

Re ; Amicus Brief in the Public Interest of Health and Safety

To the Clerk of the Appellate Court ,
Enclosed is an amicus brief that is seeking relief from imminent danger such as death on behalf of the public in general, that is attached to a motion to proceed informa pauperis which I am requesting to be filed and submitted for review by the appellate court.
The pro se relator Eric Flores is indigent and can only provide one copy of the amicus cariae brief and motion to proceed informa pauperis on appeal.
Because the amicus cariae brief is seeking relief from imminent danger such as death the appellate clerk offices does not have the discretion to refuse to file the amicus cariae brief solely because it is not in compliance with the rules of the appellate court.
The appellate clerk must submit the amicus cariae brief to be reviewed by the appellate panel whom shall only have the discretion to determine whether the amicus cariae brief should be returned to its sender to correct the noted deficiencies or to properly adjudicate the amicus cariae brief by the constitutional requirement of due process of law.
The pro se relator request that the appellae clerk refrain from sending the amicus cariae brief back to the sender because it is seekng relief from imminent danger such as death on behalf the public in general.
The pro se relator hereby gives the appellate clerk judicial notice that the defendant has already caused the death of several people and has the substantial likelihood of causeing the death of more people if the appellate panel fails to intervene.
This means that the defendant will cause the death of more people if the appellate panel refuses to file and consider the merits of this amicxus cariae brief.
The pro se relator prays that justice prevail.

Respectfully Submitted
Eric Flores , pro se relator
8401 Boeing Dr., El Paso Texas 79910

RECEIVED
JUN 1 1 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

# Third Court of Appeals
## PO Box 12547
## Austin, Texas 78711
## Telephone: (512) 463-1733

Eric Flores, pro se relator
_Plaintiff/Petitioner_

v.

Richard James "Rick" Perry
_Defendant/Respondent_

)
)
)
)

Civil Action No. 23-15-00063-CR

# APPLICATION TO PROCEED IN THIRD COURT OF APPEALS WITHOUT PREPAYING FEESS OR COST

**Affidavit in Support of the Application**

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested. I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismissal of my claims.

Signed: _[signature]_

**Instructions**

Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Date: 06 / 09 / 2015

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly income amount during the past 12 months | | Income amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 0 | $ 0 | $ 0 | $ 0 |
| Self-employment | $ 0 | $ 0 | $ 0 | $ 0 |
| Income from real property (such as rental income) | $ 0 | $ 0 | $ 0 | $ 0 |
| Interest and dividends | $ 0 | $ 0 | $ 0 | $ 0 |
| Gifts | $ 0 | $ 0 | $ 0 | $ 0 |
| Alimony | $ 0 | $ 0 | $ 0 | $ 0 |
| Child support | $ 0 | $ 0 | $ 0 | $ 0 |

RECEIVED
JUN 1 1 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

| | | | | |
|---|---|---|---|---|
| Retirement *(such as social security, pensions, annuities, insurance)* | $ 0 | $ 0 | $ 0 | $ 0 |
| Disability *(such as social security, insurance payments)* | $ 0 | $ 0 | $ 0 | $ 0 |
| Unemployment payments | $ 0 | $ 0 | $ 0 | $ 0 |
| Public-assistance *(such as welfare)* | $ 0 | $ 0 | $ 0 | $ 0 |
| Other *(specify)*: | $ 0 | $ 0 | $ 0 | $ 0 |
| **Total monthly income:** | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

2. List your employment history for the past two years, most recent employer first. *(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| N/A | N/A | N/A | $ 0 |
| N/A | N/A | N/A | $ 0 |

3. List your spouse's employment history for the past two years, most recent employer first. *(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| N/A | N/A | N/A | $ 0 |
| N/A | N/A | N/A | $ 0 |
| N/A | N/A | N/A | $ 0 |

4. How much cash do you and your spouse have? $ _____0_____

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| N/A | N/A | $ 0 | $ 0 |
| N/A | N/A | $ 0 | $ 0 |
| N/A | N/A | $ 0 | $ 0 |

If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

5.  List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Assets owned by you or your spouse | |
| --- | --- |
| Home *(Value)* | $ |
| Other real estate *(Value)* | $ |
| Motor vehicle #*1 (Value)* | $ |
| Make and year: | |
| Model: | |
| Registration #: | |
| Motor vehicle #*2 (Value)* | $ |
| Make and year: | |
| Model: | |
| Registration #: | |
| Other assets *(Value)* | $ |
| Other assets *(Value)* | $ |

6.  State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
| --- | --- | --- |
| N/A | $ | $ |
| N/A | $ | $ |
| N/A | $ | $ |

7.  State the persons who rely on you or your spouse for support.

| Name (or, if under 18, initials only) | Relationship | Age |
| --- | --- | --- |
| N/A | N/A | N/A |
| N/A | N/A | N/A |
| N/A | N/A | N/A |

AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

8.    Estimate the average monthly expenses of you and your family.  Show separately the amounts paid by your
      spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the
      monthly rate.

|  | **You** | **Your spouse** |
|---|---|---|
| Rent or home-mortgage payment *(including lot rented for mobile home)*<br>     Are real estate taxes included?    ☐ Yes    ☒ No<br>     Is property insurance included?    ☐ Yes    ☒ No | $ | $ |
| Utilities *(electricity, heating fuel, water, sewer, and telephone)* | $ | $ |
| Home maintenance *(repairs and upkeep)* | $ | $ |
| Food | $ | $ |
| Clothing | $ | $ |
| Laundry and dry-cleaning | $ | $ |
| Medical and dental expenses | $ | $ |
| Transportation *(not including motor vehicle payments)* | $ | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ | $ |
| Insurance *(not deducted from wages or included in mortgage payments)* | | |
|      Homeowner's or renter's: | $ | $ |
|      Life: | $ | $ |
|      Health: | $ | $ |
|      Motor vehicle: | $ | $ |
|      Other: | $ | $ |
| Taxes *(not deducted from wages or included in mortgage payments) (specify)*: | $ | $ |
| Installment payments | | |
|      Motor vehicle: | $ | $ |
|      Credit card *(name)*: | $ | $ |
|      Department store *(name)*: | $ | $ |
|      Other: | $ | $ |
| Alimony, maintenance, and support paid to others | $ | $ |

AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

| | | |
|---|---|---|
| Regular expenses for operation of business, profession, or farm *(attach detailed statement)* | $ | $ |
| Other *(specify)*: | $ | $ |
| Total monthly expenses: | $ 0.00 | $ 0.00 |

9.  Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

    ☐ Yes   ☒ No      If yes, describe on an attached sheet.     N/A

10. Have you spent — or will you be spending — any money for expenses or attorney fees in conjunction with this lawsuit?   ☐ Yes  ☒ No     N/A

    If yes, how much?  $ _____ 0 _____

11. Provide any other information that will help explain why you cannot pay the costs of these proceedings.

    Unemployed

12. Identify the city and state of your legal residence.

    El Paso Texas / Austin Texas

    Your daytime phone number:   512 220 9587

    Your age: 32  Your years of schooling:  4 yrs.